[No. 24121. Department Two. April 4, 1933.]

E. W. PARKS, *Appellant*, v. KIRKLAND PACKING COMPANY, *Respondent*.[1]

*Bronson, Jones & Bronson* and *W. L. Grill,* for appellant.

*Geo. B. Cole* and *John Wesley Dolby,* for respondent.

[1]Reported in 20 P. (2d) 588.

BEALS, C. J.—This is an action for damages for alleged breach of contract arising from the following facts: Luick Ice Cream Company (hereinafter referred to as Luick Co.) is a Wisconsin corporation, plaintiff, E. W. Parks, having instituted this action as its assignee. J. R. Von Kesler & Company of Chicago (hereinafter referred to as Von Kesler) represented Luick Co. as its agent. Defendant, Kirkland Packing Company, is a Washington corporation engaged in the business of preserving and selling fruit, and Sergeant-Paup Company (hereinafter referred to as Paup) is engaged in business in the city of Seattle as a broker.

During the month of May, 1929, Von Kesler inquired of Paup concerning the purchase for Luick Co. of one hundred barrels of strawberries. The proposed deal, as submitted to defendant, Kirkland Packing Company, by Paup, was satisfactory to defendant, and after some negotiation, Paup, under date May 24, 1929, wired Von Kesler as follows:

"Kirkland confirms Luick strawberries seven half your wire twenty fourth providing buyer exercises privilege changing to thirty pound cans at eight one half cents by packing time stop . . ."

On the same day, Paup made and mailed to defendant a memorandum of sale in the following form:

"All Codes      SALES MEMORANDUM ·      S/0 No. 140
"Cable Address
  " 'Serpa'      SERGEANT-PAUP COMPANY
    "Canned Salmon, Fruits, Vegetables, Cold Pack Fruits
        "Colman Building
           "Seattle, Wash., May 24, 1929.

"As Brokers we have sold
"To Luick Ice Cream Co.      Address   Milwaukee, Wis.
"For Account Kirkland Packing Co.    Address   Kirkland, Wash.
"F. O. B. cars, Seattle, Wash.      Pack of   1929
"Terms Northwest Fruit Barrelers
    Assn. Contract      Shipment When packed
                           and properly
                           frozen.
"100—50-gallon barrels 4x3 Marshall Strawberries at 7½c lb.
  "Berries over 1¼ inches removed. Sound fruit.

"Buyer has privilege of changing to equivalent pounds in thirty pound cans at 8½c per pound providing packer is notified previous to packing time.
"BROKERAGE 2% to J. R. VonKessler & Co., Chicago, Ill.
"If there is any correction in the above please notify us IMMEDIATELY.
"SERGEANT-PAUP COMPANY
"By D. J. Matthews"

Paup's letter enclosing the memorandum reads as follows:

"Kirkland Packing Co.      Seattle, Wash., May 24, 1929
"Kirkland, Wash.

"Dear Sirs: We hand you our Sales Memorandum No. 140 also Contract covering sale to Luick Ice Cream Co., Milwaukee, Wis., of 100 50-gallon barrels 4x3 Marshall Strawberries at 7½c.

"Please sign and return contract in order that we can forward for buyer's signature.

"Thanking you for confirming this business, we remain,                  Yours very truly,
"SERGEANT-PAUP COMPANY,
"By D. J. Matthews."

Respondent, under date May 25, mailed to Paup the contract for the sale of the strawberries, enclosing the same with the following letter:

"Sergeant-Paup Co.      Kirkland, Washington,
"Colman Bldg.                      May 25, 1929
"Seattle, Wash.

"Attention Mr. Matthews
"Gentlemen: We are returning contracts covering sale of 100 50-gal. barrels 4x3 Strawberries to Luick Ice Cream Co., so that you may obtain their signatures, before we sign contracts. Buyer's signature first is rule of our office.      Very truly yours,
"KIRKLAND PACKING CO.,
"By Ben Hershey"

This contract was forwarded by Paup to Von Kesler May 27 with a letter containing the following paragraph:

"With regard to having packers sign contracts before mailing them to you for buyer's signature, we

advise that several packers, including American Packing Company, Everett Fruit Products Company, Kirkland Packing Company, and some others, positively refuse to sign contracts before the buyer does, claiming that at times contracts are not returned with buyer's signature for many weeks, and should the market firm up the contracts are then promptly returned, or if the market is not firm, often times the contracts are returned unsigned. You may be sure that we have urged these packers to sign first, complying with your interests, but these three packers particularly refuse to do so.''

The formal contract was not executed by the buyer until late in June, Von Kesler mailing the contract to Paup on the 25th of that month. Shortly after June 25, upon being advised that the contract had been executed by the purchaser and was on its way, defendant repudiated the contract because the same had not been executed on or before the beginning of the packing season. Some further correspondence ensued, but the contract was never accepted or filled by defendant. The price of strawberries having advanced, this action was instituted by the assignee of Luick Co. to recover damages occasioned by defendant's refusal to deliver the fruit. The action came on regularly for trial before the court, sitting with a jury, and at the close of plaintiff's case, the trial court sustained defendant's challenge to the sufficiency of the evidence and dismissed the action, from which judgment of dismissal plaintiff appeals.

█ Assuming that, under certain circumstances, an agent, in the position occupied by Paup, could bind by such a sales memorandum as is hereinabove referred to, a principal such as is respondent here, the record in this case clearly discloses that no such authority existed in the case at bar. In its letter of May 24, Paup requested respondent to sign and return

the formal contract. By its letter of the next day, respondent refused to do this, forwarding the proposed contract, but insisting that the buyer sign first. The contract was then by Paup promptly mailed to Von Kesler, and an ample opportunity was afforded the buyer to execute the same. This it failed to do, apparently preferring to wait until it could tell whether or not the market price of strawberries would rise or fall. It is evident that the buyer took no steps to close the deal until the season for strawberries was well along, when it sought to avail itself of the proposed contract, it appearing that the price of the fruit had risen.

It is clear that it was understood by all of the parties that the sales memorandum did not constitute the contract, but that respondent was insisting upon the execution by the buyer of a formal contract of purchase. In its letter of June 25, returning the contract signed by Luick Co., Von Kesler says: "In view of the fact that the document is not signed by the packer, we are returning same for completion." By the paragraph above quoted from Paup's letter of May 27 to Von Kesler, respondent's position in regard to this contract had been fully explained.

In the case of *Coleman v. St. Paul & Tacoma Lumber Co.*, 110 Wash. 259, 272, 188 Pac. 532, this court quoted from 1 Elliott on Contracts, page 29, § 27, including the following text:

"The fact that the parties do intend a subsequent agreement to be made is strong evidence to show that they do not intend the previous negotiations to amount to any proposal or acceptance."

We are satisfied that, while the parties to this transaction contemplated a purchase and sale of strawberries, no binding contract was ever entered into be-

tween them, and the trial court did not err in dismissing the action on respondent's motion.

Judgment affirmed.

TOLMAN, MAIN, STEINERT, and BLAKE, JJ., concur.